**Earl O. DEARMORE, Appellant,**

v.

**Harvey S. GOLD, Appellee.**

**No. 7909.**

United States Court of Appeals
Tenth Circuit.

Sept. 10, 1968.

G. Leroy Warner, Wichita, Kan. (Robert F. Bailey, Laurence S. Holmes, T. L. O'Hara and Willis W. Wall, Wichita, Kan., on the brief), for appellant.

David S. Carson, Wichita, Kan. (Clarence R. Sowers, John W. Sowers and James P. Johnston, Wichita, Kan., on the brief), for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and HILL, Circuit Judges.

PER CURIAM.

The appeal is from a judgment entered upon a jury verdict. Appellee-plaintiff sought both actual and punitive damages from appellant-defendant as a result of an automobile collision. The case was tried to a jury with a verdict in favor of appellee awarding him actual damages in the amount of $841.54 and punitive damages in the amount of $10,-000.00. Appellant sought a new trial on several grounds, including the ground that the amount of punitive damages was excessive. A new trial was denied and this appeal followed.

The case presents a rather novel situation. Both parties now urge the court to send the case back for a new trial and we are so persuaded. A facet of the controversy was previously here [1] and the result in that case undoubtedly gave rise to appellee's desire for a new trial.

The proper disposition of the case is so obvious, little need be said in support of it. The award for punitive damages is approximately eleven times greater than the award for actual damages. These awards are so extremely disproportionate that we must assume that the jury acted either with passion or prejudice or with a complete misapprehension of the role of punitive damages. The undisputed evidence in the trial shows actual damages, not including pain and suffering, in an amount exceeding $700.00. Other evidence shows unquestioned pain and suffering and probable future medical expense. Appellee urges that the jury awarded him his actual out-of-pocket expense as actual damages and believed the $10,000.00 award for punitive damages would compensate for future medical expense and pain and suffering. We will not delve into the realm of speculation as to the thinking of the jury but, from the entire record, we are convinced that it would not be in the interest of justice to require a remittitur of, or to strike down, the punitive damage award and let the remainder of the verdict stand. Insofar as both parties are concerned, the fairest disposition of the case is the granting of a new trial.

Because the case is being remanded for a new trial we should briefly comment upon the question raised here about certain of the instructions given at the trial. From the record, we believe the trial court was correct in presenting the issue of punitive damages to the jury and also in submitting an instruction on "under the influence of intoxicating liquor." We do not say that the instruction given on the latter issue was erroneous but the requested instruction on the issue which followed the "Patter Instructions Kansas" form is more comprehensive and would better advise the jury of the law applicable.

The order denying a new trial is reversed and the case is remanded in accordance herewith.

1. American Surety Co. v. Gold and Dearmore, 10 Cir., 375 F.2d 523.